Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 0576 | **DATE** | 2/15/2002 |
| **CASE TITLE** | Slovinec vs. DePaul University | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) [Other docket entry] Defendant's motion to dismiss is denied. See attached.

(11) [For further detail see

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | FEB 2 0 2002 date docketed |
| | Notified counsel by telephone. | |
| X | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | date mailed notice |
| | courtroom deputy's initials | Date/time received in central Clerk's Office — mailing deputy initials |

Document Number

24

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SLOVINEC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01 C 0576 |
| ) | |
| DEPAUL UNIVERSITY, ) | Judge Charles R. Norgle, Sr. |
| Defendant. ) | |

DOCKETED
FEB 2 0 2002

## OPINION AND ORDER

Before the court is Defendant's motion to dismiss Plaintiff's complaint. For the following reasons, the motion is denied.

### BACKGROUND

On January 26, 2001, the Plaintiff, Joseph Slovinec ("Slovinec"), filed a *pro se* complaint, in excess of one hundred pages, against the Defendant, DePaul University ("DePaul"). Slovinec's complaint was largely a narration of events and extraneous attachments, including, *inter alia*, a correspondence to former President Clinton and Chicago Alderman Schulter. DePaul subsequently filed this motion to dismiss Slovinec's complaint with prejudice and to grant such other relief as the court deems just and equitable, brought pursuant to Federal Rule of Civil Procedure 8(a), 8(e)(1), 10(b), and 12(b)(6).

### DISCUSSION

This motion brought pursuant to Federal Rule of Civil Procedure 8(a), 8(e)(1), 10(b), and 12(b)(6) seems to "imply that the complaint is simultaneously too long and too short." Bennett v. Schmidt, 153 F.3d 516, 517 (7th Cir. 1998). It is appropriate to clarify the differing purposes of the above-cited rules of civil procedure.

A motion to dismiss a complaint, pursuant to Rule 12(b)(6), does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally and view the allegations in the light most favorable to the plaintiff. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir, 1994). In regard to *pro se* complaints, the Seventh Circuit has stated:

> It is, by now, axiomatic that district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim. Not only is the district court to view the pro se complaint with an understanding eye, but, while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the well-established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration.

Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996) (citations omitted). At the same time, however, "pro se litigants are not entitled to a general disposition from the rules of civil procedure." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994). Thus, "[a] complaint may not be dismissed unless it is impossible to prevail under any set of facts that could be proved consistent with the allegations." Moriarty v. Lewis Funeral Directors, Ltd., 150 F.3d 773, 777 (7th Cir. 1998). "A complaint need not plead law or match facts to every element of a legal theory." Bennett, 153 F.3d at 518. A complaint is sufficient where it "performs the essential function of a complaint under the civil rules, which is to put the defendant on notice of the plaintiff's claim." Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168,

113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). With these principles in mind, the court finds that the complaint places Defendant on notice of the claims against them.

Slovinec's complaint seems similar to the complaint in Davis, where the Seventh Circuit stated: "Indeed, because of its prolixity, [plaintiff's complaint] gives the defendant much more information about the plaintiff's conception of his case than the civil rules require." Davis, 269 F.3d at 820. At this juncture, the court cannot say with any degree of certainty that Slovinec has failed to state any grounds upon which relief can be granted, sufficient to warrant dismissal under Rule 12(b)(6). DePaul's own concession that "the Complaint appears to allege violations of the Federal Family Education Loan Program (FFEL), 20 U.S.C. § 1071 – 1087, and tortuous interference with contracts," (Def.'s Motion to Dismiss, pg. 1) shows that they have notice of the gravamen of Slovinec's complaint.

Rule 8(a) requires a complaint to contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. See Fed. R. Civ. P. 8(a). Rule 8 also requires pleadings to be "simple, concise and direct." Fed. R. Civ. P. 8(e)(1). Rule 10 requires pleaders to present their claims in numbered paragraphs, which are limited to a single set of circumstances. See Fed. R. Civ. P. 10(b). The purpose of these rules is to present the case in its simplest terms to the court and the opposing side, and to streamline the litigation. See 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1281 (2d ed. 1990). The court finds that Slovinec's complaint fails to comply with these rules, in so far as much of it is unintelligible and contains extraneous matter. Therefore, the court admonishes Slovinec for his past filings with the court, many of which were sent directly to the court's chambers, rather than appropriately being filed with the court. However,

liberally construed, the court finds that the complaint puts DePaul on notice, and "when the complaint adequately performs the notice function prescribed for complaints by the civil rules, the presence of extraneous matter does not warrant dismissal." Davis, 269 F.3d at 820-21.

Yet, the court is sympathetic to DePaul's concerns relating to being able to fashion an appropriate response to Slovinec's complaint. Therefore, the court orders Slovinec to file an amended complaint which conforms with the pleading requirements set forth in the Federal Rules of Civil Procedure. In addition, the court advises the parties of Rule 11. While the court is concerned with and seeks to avoid chilling meritorious claims, the court is also concerned that parties comply with the rules. "[T]he central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). "Rule 11 is violated when 'parties or their attorneys' sign a pleading, motion, or other paper that, after reasonable inquiry, is not well grounded in fact and is not warranted by existing law or a good faith argument for extension, modification, or reversal of existing law." Burda v. M. Ecker Co., 2 F.3d 769, 773 (7th Cir. 1993).

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to dismiss, and gives Plaintiff leave to file an amended complaint that complies with this order by March 5, 2002.

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, SR.

DATED: 2/15/02

4