Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 576 | **DATE** | 9/25/2002 |
| **CASE TITLE** | JOSEPH SLOVINEC vs. DEPAUL UNIVERSITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed SEP 3 0 2002 | |
| ✓ | Docketing to mail notices. | | | 44 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| EF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| JOSEPH SLOVINEC, | ) |
| --- | --- |
| Plaintiff, | ) )  ) Case No. 01 C 0576 |
| v. | ) ) HONORABLE CHARLES R. NORGLE |
| DEPAUL UNIVERSITY, | ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge.

Before the Court is Defendant's motion to dismiss Plaintiff's Third Amended Complaint. For the following reasons, Defendant's motion is granted.

**I. BACKGROUND**

On January 26, 2001, Plaintiff, Joseph Slovinec, filed a lengthy *pro se* complaint, in excess of one hundred pages, against Defendant, DePaul University ("DePaul"). The complaint was largely a narration of events containing mostly extraneous information, much of which was unintelligible. DePaul subsequently moved to dismiss Slovenic's complaint pursuant to Federal Rules of Civil Procedure 8(a), 8(e)(1), 10(b), and 12(b)(6). On February 20, 2002, the Court denied DePaul's motion to dismiss holding that although much of the complaint was unintelligible and contained extraneous matter, the complaint adequately put DePaul "on notice" as required by the Federal Rules. Slovinec v. DePaul Univ., No. 01 C 0576, 2002 U.S. Dist. LEXIS 2633, at *5 (N.D. Ill. Feb. 20, 2002). However, in its decision, the Court admonished Slovinec for his lengthy filings and granted him leave to file an amended complaint to conform

with the pleading requirements set forth in the Federal Rules of Civil Procedure. Slovinec, 2002 U.S. Dist. LEXIS 2633, at *6.

Subsequent to the Court's ruling on February 20, 2002, Slovinec attempted to amend his complaint by filing several incomprehensible documents with the court. (R. 25, 29, 30, 31.) On May 16, 2002, Slovinec filed a document entitled "More Definite Statement at Request of Court May 2002." (R. 34.) The Court construes this document as Slovinec's Third Amended Complaint ("Amended Complaint"). In Slovinec's Amended Complaint, he alleges the following: (1) DePaul violated his statutory rights under the Higher Education Act of 1965 ("HEA"), 20 U.S.C.§ 1070 *et seq.*; (2) DePaul violated his statutory rights under the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g; and (3) DePaul committed several torts in violation of Illinois law, including "defamation, injury to Mr. Slovinec's business reputation, and breach of the standard of care for educational administration." (R. 34 ¶ 5.) DePaul now moves to dismiss Slovinec's Amended Complaint pursuant to Rules 8(a), 8(e)(1), 10(b), and 12(b)(6).

## II. DISCUSSION

### A. Failure to State a Claim Under Rule 12(b)(6):

A motion to dismiss a complaint, pursuant to Rule 12(b)(6), does not test whether the plaintiff will prevail on the merits, but instead tests whether the plaintiff has properly stated a claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally, and view the allegations in the light most favorable to the plaintiff. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). When reviewing a motion to dismiss under Rule 12(b)(6), the court

2

merely looks at the sufficiency of the complaint, <u>Autry v. Northwest Prem. Servs., Inc.</u>, 144 F.3d 1037, 1039 (7th Cir. 1998); it does not decide whether the plaintiff has a winning claim. <u>Herdrich v. Pegram, M.D.</u>, 154 F.3d 362, 369 (7th Cir. 1998). Accordingly, "[a] complaint may not be dismissed unless 'it is impossible to prevail under any set of facts that could be proved consistent with the allegations.'" <u>Moriarty v. Lewis Funeral Dirs., Ltd.</u>, 150 F.3d 773, 777 (7th Cir. 1998) (quoting <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)); <u>see also</u> <u>Marshall-Mosby v. Corporate Receiv., Inc.</u>, 205 F.3d 323, 326 (7th Cir. 2000) ("[d]ismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief."). The court "must look to see whether there is any possible interpretation of the complaint under which it can state a claim." <u>Martinez v. Hooper</u>, 148 F.3d 865, 858 (7th Cir. 1998); <u>see also</u> <u>Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994) ("At this stage, the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.").

**B.    Plaintiff's HEA Claims:**

The first issue the Court must address is whether Slovinec has properly stated a claim under HEA. <u>See</u> 20 U.S.C. § 1071 *et. seq.* Specifically, Slovinec claims DePaul violated his rights under §§ 1072(h)(8), 1078, 1082, and 1087(tt) of the Act by refusing to assist Slovinec in resolving his financial difficulties. (R. 34 ¶ 3.) According to Slovinec, these financial difficulties prevented him from returning to DePaul as either a student or a student teacher. <u>Id.</u> DePaul argues that HEA does not provide a private right of action for individual plaintiffs and thus, under Rule 12(b)(6), Slovinec fails to state a claim upon which relief could be granted.

3

Although the Seventh Circuit has not addressed the issue, other courts have held that HEA does not provide a private right of action. See Labickas v. United States Dept. of Edu., 78 F.3d 333, 334 (8th Cir. 1996); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1485 (9th Cir. 1995); Carter v. United States Dept. of Edu., No. 01 C 757, 2001 U.S. Dist. LEXIS 17365, at *3 (N.D. Ill. Oct. 23, 2001). To determine whether a private remedy exists under HEA, the court must consider whether Congress intended to create a private cause of action. Labickas, 78 F.3d at 334. There is nothing in the statute that suggests Congress intended to create a private right of action under HEA. Id. (noting there is nothing in the statute itself or in the statute's legislative history indicating Congress' intent to create a private right of action); see also Parks, 51 F.3d at 1484 (indicating the statute's legislative history is silent on the issue of private right of action). Additionally, when Congress provides for a particular means of enforcement within a statute itself, the court cannot circumvent Congress' authority by creating new remedies. Parks, 51 F.3d at 1484. Under HEA, Congress enacted § 1082 giving the Secretary of Education the express authority to enforce the provisions of the statute itself. Id. at 1485. Thus, Congress has provided for a particular means of enforcement within HEA itself.

Therefore, because Congress did not intend to create a private right of action under HEA, and because Congress has given the Secretary of Education the express authority to enforce the provisions of the Act, the Court finds that HEA does not provide a private right of action to individual plaintiffs. Thus, Slovinec fails to state a claim upon which relief could be granted, and DePaul's motion to dismiss Slovinec's HEA claims is granted.

4

## C. Plaintiff's FERPA Claim:

The second issue the Court must address is whether Slovinec has stated a claim under FERPA. Slovinec claims DePaul violated his rights under 20 U.S.C. § 1232(g). Specifically, Slovinec claims DePaul violated these rights when a department chairperson instructed other faculty members not to provide Slovinec with letters of reference because Slovinec "refused to sign any waiver of access to such letters." (R. 34 ¶ 4.) As with Slovinec's HEA claim, DePaul argues that FERPA does not provide a private right of action to individual plaintiffs.

FERPA does not explicitly provide for a private cause of action. Tarka v. Franklin, 891 F.2d 102, 104 (5th Cir. 1989) (noting there is nothing in the language of the statute itself or its legislative history indicating that Congress intended for a private right of action to exist). However, at the time Slovinec filed his Amended Complaint, there was a split amongst the circuits as to whether an individual plaintiff could maintain a private right of action for a violation of FERPA. Gonzaga Univ. v. Doe, 122 S. Ct. 2268, 2272 (2002). Some courts held that, although FERPA itself does not provide for a private right of action, a plaintiff could bring an action for a violation of FERPA as a basis for a claim under 42 U.S.C § 1983. Tarka, 891 F.2d at 105; Fay v. S. Colonie Cent. Sch. Dist., 802 F.2d 21, 33 (2d Cir. 1986). However, on June 20, 2002, the Supreme Court settled the issue by holding that FERPA does not create any rights that are enforceable under § 1983. Gonzaga Univ., 122 S. Ct. at 2279. In Gonzaga Univ., the Court stated, "if Congress wishes to create new rights enforceable under § 1983, it must do so in clear and unambiguous terms...." Id. Thus, an individual plaintiff cannot maintain a private right of action for a violation of FERPA either directly or as a basis for a claim under § 1983. Id. at 2277-79.

5

In light of the Supreme Court's recent ruling in Gonzaga Univ., Slovenic cannot bring an action for a violation of FERPA. Thus, Slovinec has failed to state a claim upon which relief could be granted, and DePaul's motion to dismiss Slovinec's FERPA claim in granted.[1]

**D.  Plaintiff's Tort Claims:**

Having determined there is no federal issue, the Court relinquishes pendant jurisdiction over any and all of Slovinec's state law tort claims. It is customary for the Court to do so after resolving all federal claims. See 28 U.S.C. § 1367; see also Bank of California v. Arthur Anderson & Co., 709 F.2d 1174, 1175 (7th Cir. 1983) (describing as "virtually mandatory" the relinquishment of pendant jurisdiction after resolution of federal claims); Gonzalez v. City of Chicago, 239 F.3d 939, 942 (7th Cir. 2001) (noting it is proper for the district court to decline supplemental jurisdiction after all federal claims have been dismissed); O'Grady v. Vill. of Libertyville, No. 01 C 2334, 2002 U.S. App. LEXIS 18806, at *15 (7th Cir. Sept. 13, 2002) (indicating it is reasonable for a district court to decline supplemental jurisdiction after it has dismissed all claims over which it has original jurisdiction).

---

[1] The Court does not address whether Slovenic has complied with its February 20, 2002 order because Slovinec's amended complaint fails to state a claim under Rule 12(b)(6). Thus, the issue of whether Slovinec's amended complaint complies with the pleading requirements under Rule 8(a), 8(e)(1), or 10(b) is moot.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Third Amended Complaint is granted.

IT IS SO ORDERED.

ENTER: *[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 9/25/02